JOHN W. HUBER, United States Attorney (#7226)
CRISTINA P. ORTEGA, Assistant United States Attorney (#9567)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED
U.S. DISTRICT COURT

2019 JAN -9 P 4: 22

DISTRICT **SEALED**

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. NATHAN JAMES RITTENHOUSE, Defendant. | INDICTMENT<br><br>VIOLATIONS:<br><br>Count I:<br>18 U.S.C. § 2252A(a)(2)(A),(B) and (b)(1),<br>Distribution of Child Pornography;<br><br>Count II:<br>18 U.S.C. § 2252A(a)(2)(A),(B) and (b)(1),<br>Distribution of Child Pornography;<br><br>Count III:<br>18 U.S.C. § 2252A(a)(5)(B) and (b)(2),<br>Possession of Child Pornography<br><br>Case: 2:19-cr-00007<br>Assigned To : Shelby, Robert<br>Assign. Date : 1/9/2019<br>Description: USA V. SEALED |
|---|---|

The Grand Jury Charges:

## COUNT I
18 U.S.C. § 2252A(a)(2)(A), (B) and (b)(1)
(Distribution of Child Pornography)

On or about September 24, 2018, in the Central Division of the District of Utah and elsewhere,

NATHAN JAMES RITTENHOUSE,

defendant herein, did knowingly distribute any child pornography, and material that contained child pornography, as defined in 18 U.S.C. § 2256(8) that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(2)(A), (B), and (b)(1).

## COUNT II
18 U.S.C. § 2252A(a)(2)(A), (B) and (b)(1)
(Distribution of Child Pornography)

On or about and between October 24, 2018 and October 25, 2018, in the Central Division of the District of Utah and elsewhere,

NATHAN JAMES RITTENHOUSE,

defendant herein, did knowingly distribute any child pornography, and material that contained child pornography, as defined in 18 U.S.C. § 2256(8) that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(2)(A), (B), and (b)(1).

## COUNT III
18 U.S.C. § 2252A(a)(5)(B) and (b)(2)
(Possession of Child Pornography)

Beginning on a date unknown and continuing through November 7, 2018, in the

Central Division of the District of Utah,

NATHAN JAMES RITTENHOUSE,

defendant herein, did knowingly possess any material which contains an image of child pornography, involving a minor who had not attained 12 years of age, as defined in 18 U.S.C. § 2256(8), that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and which images were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. § 2253, upon conviction of a violation of 18 U.S.C. § 2252A, as alleged in Counts I and II of this Indictment, the above-named defendant shall forfeit to the United States, (i) any visual depiction described in 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

- Samsung Galaxy Note 8
- Sager Laptop with a power cord
- Apple Computer

- Microsoft Surface Tablet

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

A TRUE BILL:

/S/
_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
CRISTINA P. ORTEGA
Assistant United States Attorney